**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JERJUANA S. CHAMBERS,        ) | |
|             ) | |
|     **Plaintiff,**        ) | |
|             ) | |
|     **v.**             ) | **Cause No. 1:24-cv-00088-ALT** |
|             ) | |
| COMMISSIONER OF SOCIAL SECURITY,    ) | |
| *sued as Frank Bisignano, Commissioner*    ) | |
| *of the Social Security,*[1]        ) | |
|             ) | |
|     **Defendant.**        ) | |

**OPINION AND ORDER**

Plaintiff Jerjuana S. Chambers brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On October 3, 2024, the Court granted the Commissioner's unopposed motion for reversal with remand and remanded the case for further proceedings. (ECF 22).

Chambers' counsel, Ann M. Trzynka of the Law Office of Ann Trzynka LLC ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $16,600. (ECF 28). Counsel acknowledges that if fees are awarded under § 406(b), the $7,900 in attorney fees Counsel previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, must be refunded or offset in Chambers' favor. (*Id.*; *see* ECF 27). The Commissioner filed a response, stating that he does not support or oppose Counsel's fee request. (ECF 33). For the following reasons, the motion for attorney fees (ECF 28) will be GRANTED.

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La-Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

### A. Factual and Procedural Background

On February 19, 2024, Counsel entered into a fee agreement with Chambers, in which Chambers agreed to pay Counsel 25 percent of any past-due benefits awarded to her and her family. (ECF 28-1 at 2-3).[2] On February 22, 2024, Chambers filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, on October 3, 2024, the Court granted the Commissioner's unopposed motion for reversal with remand and remanded the case for further proceedings. (ECF 22).

On October 28, 2024, Chambers filed a request for attorney fees under EAJA for 31.6 hours of legal work. (ECF 24, 24-1). On November 7, 2024, the Commissioner filed a response and did not oppose the request. (ECF 26). The Court subsequently granted the unopposed motion under the EAJA for $7,900. (ECF 27).

On December 3, 2025, the Commissioner sent Chambers a notice of award, stating that she was found disabled as of October 6, 2021, and entitled to monthly disability benefits beginning January 2022. (ECF 28-1 at 7). The Commissioner informed Chambers that he was withholding $17,928.75, representing 25 percent of her past-due benefits, to pay her appointed representative. (*Id.* at 4). Based on this notice of award, Counsel calculates the amount of Chambers' past-due benefits as $71,715. (ECF 28 at 1, n.1; ECF 29 at 2, n.2). On April 28, 2026, Counsel filed the instant motion. (ECF 28).

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[3] Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 404.1725(a).[4] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment …." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[5] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019).

As to contingent fee agreements, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within [that] boundary, … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807 (citation and footnote omitted). "Courts that approach fee determinations by looking first to the contingent-fee

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time[.]" *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

### C. Legal Analysis

The Court is charged with determining whether Counsel's requested fee of $16,600 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits …." 42 U.S.C. § 406(b)(1)(A).

First, this amount represents less than 25 percent of Chambers' past-due benefits. Counsel contends that the requested fee award of $16,600 is reasonable due to the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case. (ECF 29 at 4-6). Counsel obtained a good result for Chambers, as the Commissioner remanded the case for further proceedings and ultimately awarded Chambers benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). And while Counsel sought two extensions of time to file her opening brief (ECF 11, 13), given the Commissioner's subsequent agreed motion to remand (ECF 21), Counsel's two extensions did not materially delay resolution of the case. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to

the attorney's profit from the accumulation of the claimant's past-due benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel … caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Further, Counsel's requested fee of $16,600 for 31.6 hours of legal work equates to a rate of approximately $525 per hour. This rate is within the range of previous awards in this district and the Seventh Circuit. *See Bradley L. v. Kijakazi*, No. 1:20-cv-00323-JMS-TAB, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable." (citation omitted)); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). This bolsters the Court's conclusion that the contingent-fee arrangement will not result in unreasonable fees, as there is no indication that "the benefits are large in comparison to the amount of time counsel spent on the case." *Arnold v. O'Malley*, 106 F.4th 595, 600 (7th Cir.

2024) (citation and quotation marks omitted). Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $16,600.

As a final matter, Counsel asks that she be permitted to keep the $7,900 in EAJA fees previously awarded to her and that the Court offset this amount from the $16,600 awarded pursuant to § 406(b), netting her $8,700. (ECF 28; ECF 29 at 1, 6). However, the netting method is not favored, and the Court declines to apply that practice here. *See Gisbrecht*, 535 U.S. at 796; *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees (internal quotation marks omitted)). Accordingly, Counsel must refund the $7,900 in EAJA fees to Chambers.

### D. Conclusion

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 28) is GRANTED in the amount of $16,600. Counsel is reminded of her duty to refund to Chambers the $7,900 in EAJA fees previously awarded to Counsel. The Commissioner is to release any remaining amount of withheld past-due benefits to Chambers.

SO ORDERED.

Entered this 27th day of May 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge